Case number 22-5219, Robert Schilling v. United States House of Representatives, head out. Mr. Craig Nile for the affidavits. Good morning, Mr. Harden. Good morning. This is my first trip to this court in my career. This is the court. This is a case that comes to this court on a very sparse record. It's a case about whether the American people under the United States Constitution and the common law right of access have the right to seek documents not just from this branch of government, it's well established that judicial records are subject to common law right of access, but also from the legislative branch. We would submit that in a case of this type, at the very least, we need a much more fulsome record. The case was dismissed on speech or debate immunity. There's a very lengthy opinion from the district court on that issue of speech or debate immunity, and this court issued an order with the briefing schedule that said that the party should also address immunity as it applies to the committee, as opposed to just members of Congress. And so I'm going to address the government's arguments on each of these points since they were the prevailing party below, and then I'll explain why Mr. Schilling believes the government is in error. The first, of course, is speech or debate immunity. That is what the district court ruled based upon. But I think that there is an important new case from this court. In fact, it's so new it was uploaded to Lexis while I was preparing for oral argument, and that is N. Ray Sealed Case 80 F. 4th at 355. It was handed down on September 13th. As I said, it was not uploaded until quite recently. In that case, the argument was involving access to Representative Scott Perry's cell phone records and communications. And in that case, Representative Perry argued that he was engaged in legislative acts and he was entitled to speech or debate immunity because he was engaged in informal fact-finding relating to the 2020 election. He was presumably texting and calling people to ascertain facts on the ground. This court said in that published decision just a few months ago that investigative activity is much more narrowly defined. It's not informal fact-finding. It's not communications with outsiders. Investigative activity is things that Congress does as a whole. And so this court rejected Scott Perry's arguments. This court sent it back to the district court and said that we needed to go through Scott Perry's text messages, communication by communication or line by line, to see what communications might be legislative acts and covered by speech or debate immunity and what communications are not. Just so that we're clear, is the House, is the Oversight Committee within the realm of Senators and Representatives under the speech and debate? Our position is that it is not. Our position, first just to preserve it, is that we think that the existing case law has already stretched the Constitution to its breaking point because the Constitution says Senators and Representatives. Of course, if we accept the stretch to the Constitution, then we go into are these staff people, staff people are entitled to immunity when they are doing things for which their employer would be entitled to immunity. That's the crux of the argument. Here, I would argue that these are not staff and they're not doing things that are subject to the jurisdiction of their employer. A committee is a diffuse group of individuals and it has, I guess, staff that serve different interests, not one sole interest. I think that we're getting further and further from the Constitutional text instead of closer and closer when we stretch speech or debate immunity quite that far. Is the basis of your clause of action 28 U.S.C. 1361? I think that we've... Band-Aid Massacre. That is one basis, is the short answer. I think that we also invoked declaratory judgment and we also believe that this is just a constitutional provision that is itself self-executing. So declaratory judgment actions are not, that's not a clause of action. You have to have a clause of action that's valid and then the Declaratory Judgment Act gives you relief under whatever that clause of action is, but the Declaratory Judgment Act itself doesn't establish a clause of action. And I think that the common law right of access is a cause of action that grants us relief as is evident in a series of cases including Washington Legal Foundation versus Sentencing Commission which... Washington Legal Foundation was a mandamus case. It was a 1361 case. It's not like you can just file a complaint and say common law right of access and that's our cause of action. It has to be grounded in a federal statute that creates, I mean, you can't just cite a case and say we have, you know, Fifth Amendment due process right or a First Amendment free speech right. You have to cite, you know, section 1983 or something that is the basis of your private right of action. So other than 1361, is there something else? I think that what I get out of Washington Legal Foundation is that there is a mandamus cause of action if you're right on the merits. And so the mandamus factors sort of merge with the merits and if there is such a thing as the common law right of access, then it is enforceable through mandamus. So you're basically arguing that you have a federal claim and that under the Larson-Dugan exception, you can enforce common law right of access against the house. Yes, your honor. That is... I mean, there is not in our circuit or from the Supreme Court, there is precedent that 1361, which you cite in your complaint, is actually available only to officers or agencies in the United States and it's been limited to the executive branch. As I said, we have not so held, but that has been the unbroken line of authority in other circuits. So I think you're resting, I take it you're resting on 1331 and then arguing that Larson-Dugan is your route around sovereign immunity and to enforce the common law right of access. Is that correct? I think that's correct. Again, they've argued three things. They argued speech and debate sovereign immunity, and then that the common law right of access doesn't apply or in some sense. And so our argument on sovereign immunity is you are correct that we're arguing Larson-Dugan. And I think you alluded to this, the analysis then sort of merges with the merits of the common law right of access claim and focusing on that, are these public records what you're seeking? So at a bare minimum, what I get out of NRA sealed case that was recently handed down is a fact intensive inquiry, whether there's a legislative act being taken, whether it's public records, everything is fact intensive and it needs to go back for analysis of each record. Now, I would submit that one of the other things that's in that case, NRA sealed case, is this distinction between a legislative act and an official act. And so there is a possibility that something can be a public record generated in your official capacity as a congressman or a member of a committee or a staff person to a committee, and it would not necessarily be legislative. Again, the proper thing to do, I think, and what this court did in that case is remand for substantive analysis. And I think that's really our request here. We're arguing all of these issues in the dark because the Congress never even answered, I'm sorry, the Congress never even answered whether these records existed. The pleadings are replete with, you know, if they exist, the records are not public records. But why wouldn't we, as we ordinarily would do when the case is at the pleading stage, look at the characterization of the documents in your complaint and see whether that suffices to answer the question whether the requested records were created and kept for the purpose of memorializing or reporting an official action decision statement or other matter of legal significance. And if they're not, and as I read the complaint, they aren't, then we would dismiss on that ground. I think you're correct that the court can look at the complaint and its allegations. I think that our allegations are that these are individuals communicating with a committee, and district court says it's, you know, facially within the committee's jurisdiction. I wouldn't say that we conceded that, but that was the district court's characterization. And so if we have individuals corresponding with a committee, and it is facially in the jurisdiction of the committee, as the district court says, it's hard for me to see how that is not a committee action or a legislative action. And I think that, of course, the complaint has to be construed broadly in favor of the plaintiff at this stage too. How does sovereign immunity apply here? Essentially, if they're acting outside the scope of their authority, they are not entitled to sovereign immunity under the Larson-Dugan exception. And so we're arguing that these folks were acting outside the jurisdiction of the committee, outside the rules of Congress, and so they're not entitled to that. I think it merges into the merits, and that's why I think that the proper thing to do is remand. You're not disputing that these defendants, even though they're not executive agencies or officials, it's their members of the legislative branch, there's no dispute in your mind that they're presumptively entitled to sovereign immunity unless and until there's a route. I agree with that. And I think that our argument is that they have, through their actions, met the exception under Larson-Dugan. And I believe my time has expired, and I will reserve for rebuttal. Thank you. Good morning, Mr. Kragbaum. Good morning, Your Honor, and may it please the court. I think that I will just jump right into some of the discussion that was just going on, and I'll start with a response to N. Ray Seald's case. That case is very different from the case we have here. N. Ray Seald's case, of course, dealt with a personal cell phone, and there was a mix of legislative and non-legislative acts. And Mr. Perry made an argument there that equated official acts with legislative acts. Under his argument, certain communications that involved press releases and newsletters, those would have been under the definition of legislative act. The court said, in N. Ray Seald's case, that's not consistent with this court's precedent. Legislative acts are not the same as official acts. Here, however, we're dealing squarely with a committee investigation, a committee legislative oversight investigation. And there are the communications being sought are those between committee members, committee staff, and third parties who, according to the complaint, performed services of the type generally performed by committee staff. And in particular, on page five of the joint appendix, it says here we're talking about professional staff, third parties, though, planning investigative hearings. Paragraph 66 calls the third party's de facto staff. Paragraph 97C concedes that these materials would have been generated during the congressional oversight process. So we're not dealing with a mix of legislative and non-legislative acts. We are squarely dealing with legislative acts, and those are absolutely protected by the speech or debate clause. You may have legislative acts protected, but what about case law directly stating that the congressional committees are entitled to the speech and debate immunity? Yes, Your Honor. I do believe that this court and the Supreme Court, when it talks about and analyzes speech or debate clause immunity, it treats Congress, its committees, and its members consistently, identically. And that makes sense. Doing so accurately reflects the way that members discharge their duties, just as members rely on staff, who the Supreme Court has said, or the members alter egos and are also entitled to speech or debate clause immunity. They also rely on congressional committees to perform their Plaintiff could simply plead around this absolute immunity by naming a committee or naming a chamber of Congress would really create an exception that would swallow the entire immunity. And that's inconsistent with what the Supreme Court and this court have said about how the clause should be interpreted, which is broadly to effectuate its purposes. Does sovereign immunity apply here? Sovereign immunity does apply, Your Honor. In our view, speech or debate clause should be the beginning and the end of this case. Alternatively, all parties are entitled to sovereign immunity. There was some discussion earlier about Larson Dugan. Larson Dugan is triggered only if there's an allegation that the official acted beyond his or her statutory authority. Well, in this particular case, it looks like the complaint says documents will show evidence of wrongdoing. And of course, they're arguing that they never got that far, you know, in terms of actually receiving the documents or the documents revealing themselves. So we only have a will show allegation. Does that affect your analysis? Not at all. Even if we assume those underlying documents show unlawful behavior, that's irrelevant to the Larson Dugan analysis here. Here we're relying on a common law right of access. So the complaint alleges that the House unlawfully denied the common law right of access. The alleged violation here is a common law right of access. And a common law, by definition, cannot trigger Larson Dugan, which relies on a statutory violation or an alleged constitutional violation. And speaking of sovereign immunity, Washington Legal Foundation was discussed earlier, and Judge Pillard mentioned, maybe it was Judge Wilkins, that relied on mandamus, and mandamus does not apply to Congress. So there's really no way to run the common law duty through any sort of statute. That point was not disputed in the reply brief. So sovereign immunity, Your Honor, would be an alternative ground. But we really think that speech or debate clause immunity fully disposes of this case. But we do have cases suggesting that the common law right of access supports a claim or circumvents sovereign immunity under Larson Dugan. I know your position is, reading Larson, that it only applies to a statutory or constitutional claim. But we have circuit precedents to the contrary, don't we? Well, I believe that's only a Washington Legal Foundation, Your Honor, and that was a mandamus action. And here, mandamus is unavailable because mandamus does not apply to Congress. Why? I mean, there's jurisdiction under 1331 here. Or assume there is jurisdiction for injunctive relief under 1331. Is your response the same? I'm not sure I'm getting your connection between... As we read Washington Legal Foundation, it stands for the proposition that a plaintiff may bring a mandamus action to compel a government official to perform a duty, and that duty flowed through a statute. In that case, that was the mandamus statute. And so that's how you get through Larson Dugan. One way to get to Larson Dugan is through an alleged statutory violation. But here, we don't have that because the mandamus statute does not apply to the House. And as I mentioned earlier, any alleged violation of these other statutes are irrelevant because the relief here is based on an alleged common law violation. But again, the court wouldn't need to go there if it agrees with us on speech or debate clause immunity, which, again, is an absolute immunity. And just to go briefly back to NRA's sealed case, that's another fundamental difference between that case and this case. That was dealing with an evidentiary immunity. Here, we're dealing with an absolute immunity from suit. And one of the purposes of that absolute immunity is to prevent the House from being subjected to the burdens of defending... Why is this not more on the evidentiary side? Because the cause of action is not predicated on legislative conduct. It's not that the liability is predicated on legislative conduct, is it? It's that the denial of records is wrong. So it's predicated on the common law right of access. Right. But we're still in absolute immunity land, Your Honor, because they've sued the House. They've sued a committee. They've sued a member. They've sued House to defend themselves in litigation. And that's a core purpose of the speech or debate clause immunity, which is not only meant to protect the House from the outcome of litigation. Can you speak to whether the documents are public records? Yes, Your Honor. I think that Your Honor put her finger on it earlier. We're looking at whether the complaint plausibly alleges that these materials would be public records. And the preliminary materials, communications between committee staff, committee members, and third parties as they are executing an investigation. And there's no allegation that these were created or kept for the purpose of memorializing an official action or an official decision. We're dealing with preliminary materials that at best would have been relied on by a decision maker to then make an official decision. Can you speak to the argument that there is jurisdiction under 1331 because there's a federal question somewhere, either the common law right of access or a federal statute? Because my understanding is that we still have to have some sort of a basis for the right to bring the action. And that 1331 doesn't do that. You can't just cite a federal statute in Section 1331 and have a claim. That's consistent with my understanding, Your Honor. We haven't made an argument based on sort of a lack of cause of action here. As we read the complaint, one of the basis for a cause of action was the mandamus statute. That means what I'm trying to get at is a mandamus statute has very specific, you know, you have to show a clear and indisputable right to relief and a clear duty to act and all of that. And so, I'm trying to figure out, does this case have to be decided within that framework or is there some other framework available to the plaintiff where they don't have to meet that high burden, that high standard? Well, I think if they did ever get to the merits, Your Honor, and were truly relying on a mandamus action on the merits, they would need to make that showing in order to be entitled to mandamus relief. I don't think that's the framework the court needs to use to decide. I understand you think we can just decide this on speech or debate clause, but let's assume we disagree with that. But what I'm trying to figure out, then, is the only way to, if we get to the merits at all, is the only way to get that through the mandamus framework or is the appellant correct that there's a different framework that's not as stringent that would apply to this claim? I'm sorry, a different framework, that's what, Your Honor? That would apply to this claim other than the mandamus framework. If we got to anything touching the merits. I'd maybe want to think a bit more about that, Your Honor. We didn't get into that in the briefing. As I read the complaint, it is arguing or it is relying on the mandamus statute, and so it seemed my first reaction is that all roads would lead back to the mandamus standard. But I'd maybe want to think a bit more about that. And wouldn't it be the case that even if jurisdiction were premised on 1331, this would be in the nature of a kind of a mandamus action? I think is it a decision in fields? We've talked about the relationship between a 1331-based claim for an affirmative injunction against the government, and I believe it does somewhat assimilate the mandamus elements, the high standard. Yeah, that sounds right to me, Your Honor. So putting aside, again, speech or debate for a moment, if we were inclined to affirm on the ground of sovereign immunity, obviously, this is just hypothetical. We've not spoken, we've not talked. But on your position that you couldn't bring a Larsen-Dugan action to enforce a common law right of action, I'm not sure theoretically that I really follow why that would be so. And I know the language you're relying on in Larsen, but for example, under Ex parte Young, which is analog for suing for injunctive relief against state officers, there's no such restriction. And I'm just wondering why there would be in federal context. And if there is, then is there no claim at all for this kind of thing? Well, I think the restrictions, Your Honor, come from Larsen and Dugan themselves, which say that there's an unlawful behavior under a sort of general tort law, that's not enough. It's got to be beyond statutory duty, and it has to be, or it has to be unconstitutionally. And so I think that's where the restriction comes from. But here, we're just dealing with an alleged  we're just dealing with an alleged common law violation. And so I think that's where the But it's a particular kind of common law. It's not tort law. It's not state law. It's a federal common law right of action. And one wonders how it would be enforceable if not under Larsen-Dugan. Well, I think that's our fundamental position is that it's not enforceable against the House, Your Honor, for several reasons. There is no waiver of sovereign immunity. And then if we actually get to the merits, the common law right of access doesn't apply at all to Congress. And pre-FOIA, pre-APA, there would be no common law right of access claim against the executive branch either or against the courts under your theory. No, I think that our argument applies solely to Congress. And that's because Congress has exclusive authority under the Constitution, the rulemaking and journal clauses to control access to its materials. This court's recognized that authority in its Goland decision. Isn't that a different argument? That's an argument that there might be something displacing the common law right of access that would be a rule under the rulemaking clause, but not that the common law right of access just wouldn't apply. I think it's the same argument, Your Honor. The argument is that if the common law would have applied to Congress, it no longer does after the Constitution gave both chambers exclusive authority to control its own materials. And again, I'll just read briefly from the Goland decision, which says that Congress has undoubted authority to keep its record secret authority rooted in the Constitution, longstanding practice and current congressional rules. It's hard for me to square that. And I think it's relevant that Mr. Schilling hasn't pointed to any judicial decision that's applied the common law right of access to Congress, nor is there any decision applying the mandamus statute to Congress. But are we ready to kind of do that line drawing here to actually say there would never be jurisdiction under common law right of access? Well, if you're with us on speech or debate cause immunity, you wouldn't have to, Your Honor. The holding would just be we're dealing with legislative acts. There's an absolute immunity. There's no balancing that's inconsistent with the fundamental nature of an absolute immunity. It's inconsistent with this court's precedent that says speech or debate cause immunity is jurisdictional. There would be no line drawing issues there. There also wouldn't necessarily need to be line drawing issues. If you ruled alternatively on sovereign immunity, you could just say that Washington Legal Foundation is distinguishable because the mandamus statute doesn't apply to Congress. There's no waiver. Or say these aren't public records, that the merits of the common law right of access fold into the threshold sovereign immunity analysis. And if one were to hold that there is no clear right, then done. We disagree that they would fold into each other, Your Honor, but to the extent that that's- Because you disagree that the common law right of access is even enforceable. For a couple of reasons. I guess the fundamental reason is because we disagree that there's a way to get to Larson-Dugan under this court's precedent, under the Supreme Court's decision in Larson-Dugan, Larson and Dugan. And if you can't get into an exception, then sovereign immunity applies and you don't have to reach the question whether the common law right of access does apply to Congress. But to the extent that the court does fold in the merits into the sovereign immunity analysis, then the question would, I think the first question would be whether the common law right applies to Congress. It does not. We're unaware of any example, any court decision anywhere that's ever applied the common law right, or rather any decision from this court or the Supreme Court- Doesn't the Center for National Security still treat the common law right of access- Center for National Security, as I remember, Your Honor, said that this court has held that the common law right applies to all three branches. It cited Washington Legal Foundation for that proposition. Washington Legal Foundation did not involve the legislative branch that involved an entity within the judicial branch, so that was dicta. Although Center for National Security said that respectfully, it was dicta in Washington Legal Foundation and it was dicta in Center for National Security studies. But even if the court concluded that it was bound by that statement, and even if by getting to the merits, it felt that it needed to square that, the way to do that would be to apply the common law right to other entities within the legislative branch, not Congress itself, because those entities do not have this exclusive authority that this court recognized in Goland to control access to its materials. I see that I'm well over my time. I'm happy to answer other questions. Thank you. Did Mr. Harden have time? We managed to ask you enough questions to use up your time, but we'll give you the rebuttal that you sought. Well, thank you, Your Honor. I want to go back to NRA's sealed case on speech or debate immunity, because that's what the basis of the district court's opinion was and the chief argument on appeal. At the very end of that case, in the holding, they talked about documents that were not covered by speech or debate immunity. Examples of that were communications with private individuals, quote, about upcoming events, political talking points, articles of interest, et cetera. These were, quote, political matters not covered by the privilege. When they say these are documents with private individuals planning for committee hearings, that sounds like exactly what this court held in NRA's sealed case, and NRA's sealed case was not covered by the privilege. I don't think that there's any way to square this argument that they're making on speech or debate immunity with that case. But you concede legislating regarding climate change is, like, within this committee's jurisdiction, right? I think that's indisputable that legislating on climate change is within their jurisdiction. And you plead that the communications that you see are communications addressing that topic, right? I don't think we plead that they're communications addressing legislating on climate change, Your Honor. I think we plead that they are communications by people seeking an outcome. I think that outcome includes things like referrals to DOJ and our complaint. And so it's individuals seeking things out of the committee, but I definitely don't think that we're saying that these individuals are seeking legislation out of the committee. And so, again, I think this court has been clear that the common law right of exit— But even if it was relating to a referral, isn't the committee—isn't it within the committee's jurisdiction to refer someone or something or some issue for investigation or consideration by the DOJ? Well, I believe it's a little deeper than that in the complaint. We call it, quote, engineering a referral, and I think that the misuse of the committee and misuse of the referral process, since that gets back, I guess, to Larson Dugan immunity. My time is very close to expiring. If not expired, I will conclude by saying that the district court held in the Schwartz case in 1977 that the common law right of access applies to Congress. This court held in national security studies that it applies to Congress. There is no right without a remedy, and it would be an extremely anomalous result to find in this case that there is a common law right of access, but that it is unenforceable against one branch of government. Thank you. Thank you. The case is submitted.
judges: Pillard, Wilkins, Childs